1
2
3
4
5
6
7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  BRYAN DAVIS,

11          Plaintiff,                No. CIV S-09-0266 GGH  P

12     vs.

13  M.S. EVANS, et al.,

14          Defendants.               ORDER

15  _____/

16          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17  to 42 U.S.C. § 1983. Plaintiff has not submitted an application to proceed in forma pauperis.

18          The federal venue statute requires that a civil action, other than one based on

19  diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

20  defendants reside in the same State, (2) a judicial district in which a substantial part of the events

21  or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

22  of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

23  no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

24          In this case, the defendants are located and the claim arose in Monterey County,

25  which is in the Northern District of California.  Therefore, plaintiff's claim should have been

26  filed in the United States District Court for the Northern District of California.  In the interest of

1  justice, a federal court may transfer a complaint filed in the wrong district to the correct district.

2  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

3           Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the

4  United States District Court for the Northern District of California.

5  DATED: February 6, 2009

6

7                                              /s/ Gregory G. Hollows

                                               GREGORY G. HOLLOWS
8                                              UNITED STATES MAGISTRATE JUDGE

9  GGH:md
   davi0266.21a